IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HUMANITARIAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CV-32 (LAG) |
| | : | |
| PETER D. LEARY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **ORDER**

Before the Court is Plaintiff's Motion for Recusal (Doc. 11). On April 9, 2024, Plaintiff initiated this action, asserting fifty counts for alleged constitutional and civil rights violations against every district court judge and magistrate judge in the Middle District of Georgia, the U.S. Attorney for the Middle District of Georgia, and the Clerk and Deputy Clerk for the Middle District of Georgia, among others. (Doc. 1). Plaintiff filed the Motion for Recusal on April 26, 2024. (Doc. 11). Therein, Plaintiff argues that the Court must recuse pursuant to Georgia's Code of Judicial Conduct Rule 2.11[1] because the Judge has a personal bias and prejudice towards him, "has personal knowledge of disputed evidentiary facts concerning these pending proceedings[,]" and is "within a third degree of relationship to her co-defendants who are also United States District Court Middle District of Georgia Judges." (*Id.*).

Motions to recuse federal judges are governed by two federal statutes: 28 U.S.C. §§ 144 and 455. Pursuant to 28 U.S.C. § 144, a party may seek recusal by filing a "timely and sufficient affidavit" showing that the judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" The affidavit must "allege facts that would

---

[1]    As federal judges do not make recusal decisions pursuant to Georgia's Code of Judicial Conduct but, rather, 28 U.S.C. §§ 144 and 455, the Court will consider the Motion for Recusal under these two statutes.

convince a reasonable person that bias actually exists." *In re Kunsman*, 752 F. App'x 938, 940 (11th Cir. 2018) (per curiam) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000)). An affidavit offering only "[u]nsupported and conclusory allegations [is] not sufficient to warrant [recusal]." *Id.* (citing *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)).

Under § 455, a judge must *sua sponte* recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Generally, the standard for recusal under § 455 is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019) (citation omitted). The statute also enumerates specific circumstances requiring recusal, including where the judge is a party to the proceeding and where "a person within the third degree of relationship . . . is a party to the proceeding" or "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[.]" *Id.* § 455(b)(5)(i), (iii). In this context, a "person within a third degree of relationship" means a person with a "disqualifying familial tie" calculated according to the civil law system. *Conroy ex rel. Aflac, Inc. v. Amos*, 785 F. App'x 751, 755 (11th Cir. 2019); § 455(d)(2). The civil law system considers the following relatives to be within a third degree of relationship: children, grandchildren, great-grandchildren, parents, grandparents, great-grandparents, uncles, aunts, brothers, sisters, nephews and nieces. *See* 13D Charles Alan Wright *et al.*, Federal Practice and Procedure § 3548 n.3 (3d ed. 2008).

Ordinarily, under 28 U.S.C. § 455(b)(5)(i), a judge "shall disqualify h[er]self" when she is a party to the proceeding, and the parties cannot waive this provision. *See United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (explaining that "[r]ecusal under . . . subsection [b] is mandatory, because 'the potential for conflicts of interest are readily apparent'"). But, under the rule of necessity, when a plaintiff "indiscriminately brings suit against all of the judges of a court, the judges may hear the case if there is no other judge from that court available to hear it." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (citing *Bolin v. Story*, 225 F.3d 1234, 1238–39 (11th Cir. 2000)). In this case,

2

Plaintiff sues every district court judge and magistrate judge in the Middle District of Georgia. (*See* Doc. 1 at 4–9). Thus, no other district court judge in this district is available to hear the case and the rule of necessity applies. *See Davis*, 261 F. App'x at 234. Furthermore, as the undersigned has no familial tie whatsoever with any of the defendants, she cannot be said to be within a third degree of relationship to her co-defendants. *See Sibley v. Geraci*, 858 F. App'x 415, 416 n.1 (2d Cir. 2021) ("A 'person within the third degree of relationship' includes only those with a familial relationship, not colleagues."); *see also Amos*, 785 F. App'x at 755.

Finally, the undersigned need not recuse herself under § 144. Plaintiff argues that the undersigned "has personal knowledge of disputed evidentiary facts concerning these pending proceedings[.]" (Doc. 11 at 2) First, Plaintiff does not provide an affidavit attesting to the "personal knowledge" the undersigned has regarding this case as required under § 144. *See In re Kunsman*, 752 F. App'x at 940. Furthermore, "[a] judge is not required to 'recuse [herself] based on unsupported, irrational, or tenuous allegations.'" *United States v. Ketchup*, 2024 WL 20643, at *2 (11th Cir. Jan. 2, 2024) (quoting *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)). The allegations in Plaintiff's complaint that the undersigned was involved in a conspiracy with every judge in the Middle District of Georgia, the U.S. Attorney's office, and the clerk's office to deprive Plaintiff of his constitutional and civil rights are "unsupported, irrational, [and] tenuous[.]" *See id.*; (Doc. 1 ¶¶ 28, 37, 43, 54, 57, 59–60, 99). Accordingly, Plaintiff's Motion for Recusal (Doc. 11) is **DENIED**.

        **SO ORDERED**, this 21st day of June, 2024.

                      /s/ Leslie A. Gardner
                      **LESLIE A. GARDNER, JUDGE**
                      **UNITED STATES DISTRICT COURT**