**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

HUMANITARIAN,                                :
                                             :
        Plaintiff,                           :
                                             :
v.                                           :        CASE NO.: 7:24-CV-32 (LAG)
                                             :
PETER D LEARY, *et al.*,                     :
                                             :
        Defendants.                          :
                                             :

## <u>ORDER</u>

Before the Court is Plaintiff Humanitarian's Motion for Leave to Appeal In Forma Pauperis (IFP). (Doc. 35).[1] Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Rule 24 provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. Fed. R. App. P. 24(a)(1). In addition to showing financial eligibility, the party must also claim an "entitlement to redress" and state the issues that the party intends to present on appeal. *Id.* An appeal, however, "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A party demonstrates good faith by seeking appellate review of an issue that is not frivolous judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). A motion to proceed IFP on appeal must include an affidavit setting forth the issues the litigant intends to raise so that the court

---

[1]    Although Plaintiff's Motion is styled as, and prepared on the form, Application to Proceed in District Court Without Preparing Fees or Costs, the Court construes the filing as a Motion for Leave to Appeal IFP because Plaintiff already has been denied IFP status in this Court; and Plaintiff has filed a Notice of Appeal. Plaintiff has filed identical Motions in all three of his recent cases where the Court denied his Motion to Vacate. *Humanitarian v. Treadwell et al.*, No. 7:24-CV-38 (LAG), (Doc. 34) (M.D. Ga. March 11, 2026); *Humanitarian v. Baun et al.*, No. 7:24-CV-48 (LAG), (Doc. 21) (M.D. Ga. March 11, 2026).

can determine whether the appeal is brought in good faith or is frivolous. *See Coppedge v. United* States, 369 U.S. at 443–44 (citing 28 U.S.C. § 1915(a)); *see also* Fed. R. App. P. 24(a)(1)(C).

Plaintiff did not set forth any legal basis for his appeal; therefore, he has not demonstrated that his appeal is brought in good faith. (*See* Doc. 35). Judgment was entered in this matter on December 23, 2024, after Plaintiff failed to pay the filing fee within thirty days of the Court's Order denying his Motion for IFP to proceed in this Court. (Doc. 22; *see* Doc. 17). Subsequently, concluding that Plaintiff failed to identify any conduct that would constitute fraud on the court, this Court denied Plaintiff's Motion to Vacate that Order. (Doc. 28). In the instant Motion, Plaintiff fails to articulate any factual issue or legal theory to support his appeal. Thus, the Court is unable to determine whether the appeal is brought in good faith or is frivolous.

Accordingly, Plaintiff's Motion for Leave to Appeal IFP (Doc. 35) is **DENIED**.

**SO ORDERED**, this 14th day of April, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2